**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**


**GERNARD CHESTNUT,**

      **Plaintiff,**

**vs.**                          **Case No. 4:12cv551-SPM/CAS**

**JOHN EDWARD EAGEN,**
**and MARLENE NARRO,**

      **Defendants.**

_____/


## REPORT AND RECOMMENDATION

      Plaintiff, an inmate proceeding pro se and in forma pauperis, filed a civil rights complaint under 42 U.S.C. § 1983.  Doc. 1.  Plaintiff alleges that Defendant Eagen, an attorney, conspired to deprive Plaintiff of his property and liberty and sent his paralegal, Defendant Narro, "to swindle, extort, and commit fraud" upon Plaintiff.  Doc. 1 at 3.  Plaintiff contends he has been defrauded of $2,500.00.  *Id.*  Plaintiff further claims Defendant Eagen committed legal malpractice.

      In a subsequent Order, Plaintiff was directed to clarify "whether or not Defendant Eagen was actually paid the $2,500.00 or whether Plaintiff only signed an agreement to make monthly payments which would total $2,500.00."  Doc. 11.  Plaintiff was also

required to "clarify whether Defendant Eagen was to represent Plaintiff in criminal proceedings and would act as defense counsel." *Id.* Plaintiff's response to that Order provides a copy of the legal representation agreement between Plaintiff and Defendant Eagen. Doc. 12. Defendant Eagen was paid a down payment of $2,500.00 to represent Plaintiff "in his pending criminal matters." *Id.*

Representation by public defenders or retained attorneys of persons accused of criminal offenses is not "state action" and thus gives rise to no liability pursuant to § 1983 absent a conspiracy with state actors. Richardson v. Fleming, 651 F.2d 366, 371 (5th Cir. 1981); Slavin v. Curry, 574 F.2d 1256, 1265 (5th Cir. 1976); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985). There is no alleged conspiracy with state actors, but Plaintiff alleges a conspiracy between Narro and Eagen to defraud Plaintiff of his money. Doc. 1 at 3. That is insufficient to state a claim.

Plaintiff has not demonstrated that any act was taken by a "state actor" which is required for purposes of § 1983. The actions of defense counsel in representing Plaintiff are the acts of a private party, as are the actions of defense counsel's assistant, Defendant Narro, and the allegations support nothing more than a state law claim. Even if he had not paid for legal representation and had court-appointed counsel, the law is clear that "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," a public defender is not a "state actor" for purposes of § 1983. Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981)(holding that under the facts of this case, a public defender was act acting "under color of state law" but declining to hold that a public defender never acts in that role); *noting* Branti v. Finkel, 445 U.S. 507, 100 S. Ct. 1287, 63 L. Ed.

2d 574 (1980) (holding that a public defender is a state actor when making hiring and firing decisions).

Accordingly, while Plaintiff may have valid claims for legal malpractice or breach of contract, *see* <u>Weiner v. Prudential Mortgage Investors, Inc.</u>, 557 So. 2d 912 (Fla. 3d DCA 1990), no federal constitutional claims are evident.  Thus, the complaint fails to state a claim for anything cognizable under federal subject matter jurisdiction and this case must be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on January 30, 2013.


S/      Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**